## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

TCYK, LLC,                                    Court File No. 0:13-CV-1727 (ADM/JJK)

        Plaintiff,

vs.

Does 1-17,                                    ANSWER BY DOE #16

        Defendants.

Defendant John Doe #16 (hereinafter "Defendant"), having been served with a summons and complaint in the above action bearing both his true name and the pseudonym "John Doe #16," answers as follows:

### JURISDICTION AND VENUE

1. Defendant admits that jurisdiction and venue is appropriate but is without sufficient information to admit the remainder of paragraph 1 and on that basis denies.
2. Defendant admits that this Court has subject matter jurisdiction.
3. Defendant is without sufficient knowledge to admit with particularity the description of the BitTorrent protocol in paragraph 3, but will admit in general terms that BitTorrent may be used as described in paragraph 3.
4. Defendant is without sufficient knowledge to admit with particularity the description of the BitTorrent protocol in paragraph 4, but will admit in general terms that BitTorrent may be used as described in paragraph 4.
5. Defendant denies paragraph 5.
6. Defendant admits to living within the District of Minnesota. Defendant

      denies having infringed Plaintiff's copyrights. Defendant is without knowledge as to steps taken by Plaintiff to identify any defendant or actions taken by the remaining defendants and therefore denies the remainder of paragraph 6.

7. Defendant denies that he caused or had any connection with infringement having taken place within or without the District of Minnesota and is without knowledge as to the identities or whereabouts of the other defendants. Defendant admits that venue is proper in this District as to himself.

## THE PARTIES

8. Defendant is without knowledge about TCYK, LLC and on that basis denies paragraph 8. Defendant repeats his denial of having unlawfully distributed Plaintiff's movie.

9. Defendant is without sufficient information to admit paragraph 9, and on that basis denies paragraph 9.

10. Plaintiff has received the name of one or more defendants including the name of Defendant John Doe #16 from having subpoenaed their respective Internet Service Providers. John Doe #16 was identified by name in the Summons served on him along with the Complaint. Defendant denies that such identification is sufficient to properly identify an infringer.

## COUNT I
## COPYRIGHT INFRINGEMENT

11. Defendant admits that the MOVIE is currently available for rental or purchase. Defendant will further admit that the movie was made at some

expense and has some value, but is without sufficient information to admit that its value is significant or its cost was significant.

12. Defendant admits paragraph 12.
13. Defendant admits paragraph 13.
14. Defendant John Doe #16 denies distributing, reproducing, or making available Plaintiff's copyrighted Movie. Defendant further objects to the implication that "making available" is an exclusive right available to Plaintiff under 17 U.S.C. § 106. Defendant is without any information as to the remaining defendants and on that basis denies the remainder of paragraph 14.
15. Defendant denies participating in a swarm or reproducing the seed file of Plaintiff's copyrighted movie. Defendant denies having any interaction with the other defendants or any knowledge of their identity or whereabouts. Defendant is without sufficient information to admit or deny any allegations relating to the other defendants and on that basis denies the remainder of paragraph 15.
16. Defendant denies paragraph 16.
17. Defendant denies paragraph 17.
18. Defendant denies paragraph 18.

## GENERAL DENIAL

19. Defendant denies every other allegation in the Complaint not specifically admitted to above.

\*  \*  \*

## AFFIRMATIVE FACTUAL ALLEGATIONS BY DEFENDANT

In addition to the allegations and responses above, Defendant states as follows:

1. Defendant has never installed any BitTorrent software on his computer.
2. Defendant has not seen and was unfamiliar with Plaintiff's movie titled "The Company You Keep," prior to the initiation of this lawsuit.
3. No other person living at Defendant's home has used BitTorrent.
4. Defendant's home network is not password protected but Defendant is also unaware of any third parties who have used his home network in order to infringe Plaintiff's copyrighted film, nor has he induced others to infringe Plaintiff's copyrighted works.
5. Defendant owns one laptop, which he takes with him when travelling on business.
6. Plaintiff provided to counsel for Defendant John Doe #16 a list of other copyrighted works ("Third Party Works List"), which Plaintiff alleges Defendant was distributing through BitTorrent.
7. Plaintiff does not claim rights in the any of the works shown on the Third Party Works List.
8. Comparing the dates on the Third Party Works List with his travel records, both Defendant and his computer were not at home at the time many of the alleged distributions of works from the Third Party Works List occurred.
9. Upon information and belief, the methodology employed by Plaintiff's technical expert is unreliable and insufficient to properly identify an infringer.

\*     \*     \*

## AFFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted
2. Plaintiff's claim is barred by the doctrine of estoppel.
3. Plaintiff's claim is barred by the doctrine of unclean hands or copyright misuse for the following reasons:
   a. Plaintiff must be prevented or estopped from enforcing its copyright because it has actively mislead defendants nationwide by knowingly overstating its case and evidence in order to seek settlements.
   b. Plantiff has sought or threatened the full amount of statutory damages against all infringers, while simultaneously seeking joinder through joint and several liability.
   c. Plaintiff has brought suit against several thousand defendants nationwide, without adequate investigation and without concern for the rights of defendants. This is done knowing that many, if not most, defendants will settle rather than seek to vindicate their rights in court.
   d. Plaintiff seeks remedies for rights not enumerated in the Copyright Act such as injury to reputation.
4. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant John Doe #16 requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice with respect to Defendant John Doe #16;
2. Deny all of Plaintiff's requests for relief with respect to Defendant John Doe #16;
3. Grant John Doe #16 his costs and attorney's fees as a prevailing party pursuant to 17 U.S.C. § 505 or under any other equitable or legal grounds;
4. Grant Defendant John Doe #16 leave to amend his answer to allege counterclaims against Plaintiff;
5. Grant John Doe #16 any other relief that is just and proper.

Dated: January 17, 2013

s/Paul Godfread
Paul Godfread (389316)
GODREAD LAW FIRM, P.C.
6043 Hudson Road, Suite 305
Woodbury, MN 55125
paul@godfreadlaw.com
Tel: (612) 284-7325

*Counsel for Defendant John Doe 16*